# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN KRISTOFFER LARSGARD,

    Plaintiff,

v.

SHEILA WARD AND ALLEN WARD,

    Defendants.

No. 02 C 4282
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed his two-count amended complaint alleging assault, battery, and false imprisonment. Plaintiff asserts federal jurisdiction pursuant to 42 U.S. C. § 1332(a)(2), and Defendants move to dismiss arguing that Plaintiff's injuries cannot meet the amount of controversy threshold of $75,000.00. Plaintiff is a citizen of Norway. As stated in open court, I will treat Defendants' motion as a motion for summary judgment. For the following reasons, Defendants' motion is denied.

## I. STATEMENT OF FACTS

On April 21, 2002, Plaintiff, John Larsgard ("Larsgard"), was jogging with his roommates' dog in Waukegan, Illinois. During his jog, Plaintiff alleges that he was attacked by Defendant Sheila Ward ("Sheila"). Sheila struck Plaintiff in the head and kicked the dog. Allen Ward ("Allen") then restrained Larsgard as Sheila continued to attack him. Allen told Plaintiff that he was "lucky I haven't shot you yet" and indicated that he had a firearm. Shortly thereafter, the Village of Gurnee Police Department arrived at the scene, separated the individuals, and conducted interviews.

Larsgard was taken to St. Therese Hospital following the altercation where his medical records show that he had a concussion and a contusion where he had been struck. Plaintiff was given Tylenol, ibuprofen and ice packs. Plaintiff returned to St. Therese Hospital for additional medical attention the next day and was given Advil. On April 24, 2002 and April 26, 2002, Plaintiff went to Swedish Covenant Hospital with complaints of head and abdominal pain, as well as confusion. Again, he was given over-the-counter pain medication. Plaintiff alleges that he has developed spinal degeneration in his neck. On August 23, 2002, he returned to Swedish Covenant Hospital complaining of neck pain, irritable bowel syndrome and asthma. He returned again on November 26, 2002 complaining of shoulder pain.

Plaintiff attended medical school in Australia. While in Norway during a medical school break, his pain worsened and he sought treatment. After returning to medical school in Australia, Plaintiff continued to experience pain and sought treatment. Plaintiff later withdrew from medical school and returned to Norway. In August 2004, Dr. Stokke determined that the cause of Plaintiff's pain to be "injuries in the neck– from the head through the whole neck and down to the middle of the thoracic spine, instability and dislocated joints." Dr. Stokke concluded that Plaintiff's pain began after his Chicago attack.

On June 26, 2009, Plaintiff underwent surgery on his spine. The surgery removed most of Plaintiff's pain, however, he suffered a pulmonary embolism and did not regain the full range of motion in his neck.

Plaintiff alleges that because of the alleged attack he sustained from Defendants, he has incurred costs in excess of $40,000.00 for pain medication, and that he underwent surgery which

2

cost in excess of €15,000.00. Plaintiff seeks compensation for these costs, future medical expenses, and punitive damages.

Underlying the facts of this case are Defendants' allegations that Larsgard was stalking their daughter Nichole. Because of concerns related to Largsard's relationship with Nichole, the Ward family relocated to Illinois from Alabama. Upon learning of Larsgard's presence in Illinois, the Wards filed a police report.

## II. PRELIMINARY ISSUE

Defendants have filed a motion to strike the Declarations of Liv Larsgard, Pastor Bjorn Boe and Nina Holden Boe on the grounds that they are not based on the personal knowledge of the individuals, but are hearsay evidence. The Boe affidavits do not speculate as to the costs of Plaintiff's medical expenses, and accordingly, I do not consider them. I decline to strike the Declaration of Liv Larsgard, Plaintiff's mother. In her affidavit, she states that she accompanied her son to visit Dr. Stokke in Germany, and also met with Dr. Abbas Montazem, the neurosurgeon who operated on her son. Based on her meetings with these doctors, I decline to strike her affidavit which discusses various costs associated with her son's injuries.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. When jurisdiction is premised on diversity, the amount of controversy must exceed $75,000.00. 28 U.S.C. § 1332(a)(1). The plaintiff bears the burden of proving jurisdictional facts "by a preponderance of the evidence." *Meridian Sec. Ins. Co. V. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). When a defendant challenges the jurisdictional amount in controversy, the plaintiff must support his assertion with "competent proof."

*McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed. *Meridan Sec. Ins. Co. V. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)

## IV. DISCUSSION

Defendants have moved to dismiss Plaintiff's complaint for lack of jurisdiction arguing that Plaintiff's injuries were limited to headaches which were resolved by over-the-counter medication. In essence, Defendants argue that "[a] three day headache cannot support a damage award in excess of $75,000.00." In accordance with my prior order, I treat Defendants' motion to dismiss for lack of jurisdiction as a motion for summary judgment.

In making a determination regarding the amount in controversy, a court will generally accept the plaintiff's good faith allegation. *McMillan*, 567 F.3d at 844. Moreover, for purposes of a motion to dismiss, I accept the allegations in Plaintiff's complaint as true. Accordingly, I do not reach the issue of causation. Instead, I consider only whether, taking all allegations in Plaintiff's complaint as true, it is a legal certainty that Plaintiff's recovery will be less than the jurisdictional floor of $75,000.00. I find that they are.

Plaintiff's declaration states that he began to experience neck, shoulder and back pain following his alleged attack. After various unsuccessful treatment attempts, and medication expenses exceeding $40,000.00, he considered surgery. He also underwent a series of function MRI's from a radiology specialist in Germany. In 2009, Plaintiff underwent spinal surgery which cost at least €15,000.00. In his Amended Complaint, Plaintiff estimates that medical costs to date, together with anticipated future medical expenses, exceed $75,000.00. Plaintiff has also

4

presented the depositions of the physician who recommended surgery and the physician who performed the surgery. Though these two depositions speak to Plaintiff's injuries, they do not address the expenses incurred as a result of his injuries.

Here, it is not a legal certainty that Plaintiff's damages will fail to meet the jurisdictional amount. Plaintiff has undergone years of medical treatment including doctors' visits, medical prescriptions and a surgery. To date his treatment is ongoing. I find these facts alone sufficient to refute Defendants' assertions that there is a legal certainty that Plaintiff's recovery will be less than the jurisdictional floor of $75,000.00.

Plaintiff also argues that in addition to medical expenses, I must also consider punitive damages in making my determination. In determining whether a court has subject matter jurisdiction, and whether the jurisdictional amount is in controversy, punitive damages are factored into consideration. *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542 , 551 (7th Cir. 2008). The first and second claims for relief in this case seek punitive damages for the intentional torts of assault, battery and false imprisonment as to Sheila Ward and Allen Ward respectively. In Illinois, although punitive damages are allowable in the case of intentional torts, they are not favored. Illinois courts require that the plaintiff establish "gross fraud. . . or 'other extraordinary or exceptional circumstances clearly showing malice or willfulness.'" *Europlast, Ltd. v. Oak Switch Systems, Inc.*, 10 F.3d 1266, 1276 (7th Cir. 1993) (internal citations omitted).

The complaint alleges that Allen Ward told Sheila Ward not to kill Plaintiff, and that Allen Ward told Larsgard "You are lucky I haven't shot you yet" and also stated that if Larsgard moved he would be shot. While Plaintiff states that his allegations support a finding of punitive damages, Defendants paint a different picture. According to Defendants, Larsgard was stalking

their daughter Nichole. Accordingly, "[t]his was not an unprovoked attack on a stranger, but a man who followed his fascination with a young teenage girl from Mobile, Alabama to Illinois." I need not address the merits of the parties' punitive damages arguments because I have already found Plaintiff's medical expenses sufficient to warrant the jurisdiction of this court.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied. Defendants' motion to strike is also denied.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: July 18, 2011